IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 03-00361 HG-01 |
| ) | CRIM. NO. 03-00493 HG-02 |
| Plaintiff, ) | |
| ) | **ORDER DENYING MOTION FOR** |
| vs. ) | **RECORD WITHOUT PREJUDICE** |
| ) | |
| CARLOS M. PAGAN, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**ORDER DENYING MOTION FOR RECORD WITHOUT PREJUDICE**

Petitioner Carlos Pagan ("Petitioner") was indicted in two different cases. On December 12, 2003, Petitioner pled guilty to one count of being a felon in possession of ammunition in and affecting commerce in Criminal No. 03-00361 HG-01. He also pled guilty, at the same time, to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in Criminal No. 03-00493 HG-02. Petitioner's two cases were consolidated for sentencing.

On May 6, 2004, the Court imposed a sentence of one hundred twenty (120) months imprisonment in Criminal No. 03-00361 HG-01, and two hundred forty (240) months imprisonment in Criminal No. 04-00493 HG-02, to be served concurrently.

1

The Government subsequently moved, pursuant to Fed. R. Crim. P. 35, to reduce Petitioner's sentence.  On April 14, 2005, the Court issued an "Amended Order GraNing Government's Motion for Downward Departure in Defendant Pagan's Sentence for Substantial Assistance."  The Court reduced Petitioner's sentence to a term of one hundred and fifty-one (151) months as to Criminal No. 03-00493 HG-02.  Defendant's sentence of one hundred and twenty (120) months as to Criminal No. 03-00361 HG-01 remained unchanged.  The two sentences were to be served concurrently.

On May 11, 2006, Petitioner filed a "Motion for Record."  In his Motion for Record, Petitioner moves the Court to provide records "in order to prepare his certificate of critiera [sic] to the supreme court and/or to prepare his §2255."

With regard to an indigent petitioner's entitlement to documents without cost, 28 U.S.C. § 2250 (emphasis added) provides:

> ***If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis***, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 753(f) also establishes limitations as to when a habeas petitioner is entitled to court transcripts without cost:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the

United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Petitioner has not filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  Nor has Petitioner filed an application to proceed in forma pauperis.  Petitioner is not entitled to copies of the record or transcript.  See <u>United States v. Connors</u>, 904 F.2d 535, 536 (9th Cir. 1990) (prisoner, even though indigent, not entitled to copies of trial transcript at government expense until he files Section 2255 petition).

Accordingly, Petitioner's Motion for Record (Doc. 333 in Crim. No. 03-00493 and Doc. 84 in Crim. No. 03-00361) is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, June 8, 2006.



  /s/ Helen Gillmor
Chief United States District Judge

---

<u>United States v. Carlos M. Pagan</u>; Crim. No. 03-00361 HG-01; Crim. No. 03-00493 HG-02; **ORDER DENYING MOTION FOR RECORD WITHOUT PREJUDICE**